IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CRISTY C. SANTIAGO,<br><br>      Plaintiff,<br><br> v.<br><br>MARK H. SANDSON, et al.,<br><br>      Defendants. | Civil No. 17-3481 (RBK/AMD)<br><br>**OPINION** |

   Cristy C. Santiago ("Plaintiff") is proceeding *pro se* with a Complaint arising from proceedings in the Probate Part of the Atlantic County Superior Court. Plaintiff's application to proceed *in forma pauperis* will be granted based on the information provided therein and the Clerk of Court shall file the Complaint. The Court must now review the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the Complaint is **DISMISSED WITH PREJUDICE**.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]**

   Plaintiff's complaint appears to stem from a proceeding before the Probate Part of the Atlantic County Superior Court. Plaintiff came before the Probate Court as the beneficiary of the estate of Catherine DePaul and as Meagan DePaul's mother. Plaintiff claims that she paid for an Entry of Appearance for Meagan, but Meagan's affidavit requesting to be added to the litigation

---

1. On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "accept all factual allegations as true and construe the complaint in the light most favorable to the Plaintiff." *Phillips v. Cty. Of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). Accordingly, for purposes of this motion, the Court adopts and accepts as true the facts as pled in the Complaint.

was not forwarded or submitted to the Judge. Plaintiff further recounts that the executrix of the estate, Karen Archetto served her with only eight of the thirty-two pages of the Motion to Enforce Litigant's Rights that Archetto filed on July 12, 2016.

The hearing for said motion took place on October 21, 2016. Plaintiff "attempted to inform the court that [she] was not properly served." When Plaintiff attempted to tell Judge Sandson about this issue, he informed her that the proceeding was concluded and granted the motion. This, Plaintiff claims, amounts to a violation of Plaintiff's right to due process of law under the Fourteenth Amendment. Plaintiff filed the instant Complaint on May 16, 2017. Plaintiff requests that this Court void the previous orders in her Probate case and transfer to case to an area outside of Atlantic County.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips*, 515 F.3d at 233)). In other words, a complaint is sufficient if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc.*, 311 F.3d 198, 215 (3d Cir. 2002). Yet, while "detailed factual allegations" are unnecessary, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration

in original) (citations omitted).

To make this determination, a court conducts a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive where a court can infer only that a claim is merely possible rather than plausible. *Id.*

## III. DISCUSSION

Where, as here, a plaintiff seeks relief from a judicial officer, the doctrine of judicial immunity is implicated. Judicial immunity rests on the principle that "[a] judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for judicial acts." *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). Further, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Id.* (citing *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citation omitted)).

All of Plaintiff's allegations relate to Defendant Sandson's actions in his capacity as a Superior Court Judge. The Court is unsure how Judge Curcio is involved with Plaintiff's claims. Judge Sandson was performing his duties as a judicial officer when he presided over Plaintiff's Probate matter and did not allow her to speak in October 2016. Therefore, he is entitled to absolute immunity from the instant suit. Accordingly, because Plaintiff has failed to state a claim

upon which relief can be granted, Defendant Sandson will be dismissed from this action with prejudice.

Furthermore, while the Court notes that Plaintiff has not pled any facts regarding Defendant Curcio, the Court observes that the Complaint names him in both his individual and official capacity as Surrogate Judge. Curcio's actions in his official capacity as Surrogate Judge are equally immune from suit. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted, and Defendant Curcio will be dismissed from this action with prejudice.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.


Dated:  05/18/2017                                                                s/ Robert B. Kugler
                                                                                ROBERT B. KUGLER
                                                                                United States District Judge